IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY LAMAR DENSON,           )
                             )
        Petitioner,           )
                             )
    v.                       )    Criminal No. 06-75
                             )
UNITED STATES OF AMERICA,    )
                             )
        Respondent.           )

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 87) filed by petitioner Gary Denson ("Denson" or "petitioner"). After reviewing the motion, the transcript of petitioner's trial (Hr'g Tr. (ECF No. 81)), the Presentence Investigation Report ("PIR"), and the submissions of the parties, the court will deny petitioner's motion.

*Background*

On February 22, 2006, a federal grand jury returned a one-count indictment against petitioner which was filed with this court at criminal no. 06-75 (ECF No. 1), charging Denson with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The indictment charged that on or about July 1, 2005, Denson possessed a .45 caliber Colt pistol, Model Commander, after having been convicted of rape, aggravated assault, terroristic threats and unlawful restraint, which are crimes punishable by imprisonment for a term exceeding one year.

On January 24, 2007, a jury trial commenced before this court. On January 26, 2007, a jury returned a guilty verdict against petitioner. (ECF No. 59.) On May 16, 2007, the court sentenced petitioner to a term of imprisonment of 110 months followed by a term of supervised release of three years, no fine, and a special assessment of $100 at count one. (ECF No. 67.)

On May 23, 2007, petitioner filed a direct appeal. (ECF No. 68.) On November 11, 2009, the Court of Appeals for the Third Circuit affirmed the judgment of this court. (ECF No. 83.) On May 11, 2010, petitioner filed a motion to amend or correct judgment and sought an order staying his obligation to pay his $100 special assessment at count one until his release from imprisonment. (ECF No. 84.) On July 26, 2010, this court issued a memorandum order denying petitioner's motion to amend or correct judgment. (ECF No. 86.)

On October 25, 2010, petitioner filed the instant motion. Petitioner listed four grounds for his claim that he is being held in violation of the Constitution, laws or treaties of the United States: (1) his trial counsel was ineffective because she failed to (a) make a demonstration during pre-trial hearings and trial;[1] (b) enter into evidence an arrest report that was requested by the jury during their deliberations; (c) identify statutes and sentencing guidelines concerning a downward departure or concurrent sentence; and (d) dispute the application of specific sentencing guidelines in the PIR; (2) his appellate counsel was ineffective because he failed to (a) raise on appeal the court's denial of the jury's request for the arrest report; and (b) preserve for appeal the court's failure to properly admit the report into evidence; (3) the court failed to properly enter the arrest report into evidence; and (4) the court and the U.S. Probation Office failed to (a) consider statutes and sentencing guidelines concerning a downward departure or concurrent sentence; and

---

[1] The court cannot decipher petitioner's argument with respect to this issue. Petitioner's vague reference to a "demonstration" his counsel should have made during pre-trial conferences and at trial will be considered to be related to petitioner's other arguments for ineffective assistance of counsel.

2

(b) consider U.S.S.G. § 5G1.3(c) because petitioner was subject to an undischarged term of imprisonment. (Pet'r's Mot. at 3-4.)

On January 12, 2011, the government filed its response to petitioner's motion (ECF No. 91). The government requests the court deny the motion because, (1) the arrest report was properly excluded from the evidence as hearsay; (2) even if the report was admitted into evidence, reading its contents to the jury would not have changed the outcome of the trial because (a) the report was consistent with the officer's testimony; (b) petitioner's counsel used the report on cross-examination; and (c) the report does not contain any exculpatory information; (3) petitioner's counsel advocated for a downward departure based upon the contention that petitioner's criminal history category V overstated the seriousness of his criminal history, and the court properly denied the request; and (4) the court properly refused to impose a term of imprisonment to run concurrently with his state term of imprisonment for a parole violation because petitioner's parole was revoked *after* judgment was entered in this case – whether the state term of imprisonment would run concurrently or consecutively to the federal term of imprisonment was only ripe for the state sentencing court's consideration. (Resp't's Br. at 5-9.)

*Standard of Review*

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motion, files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("Unless the motion and the filed and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make finding of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir.

2005). An evidentiary hearing is not required, however, if the court determines that the motion, files and records of the case conclusively support that the motion should be denied as a matter of law. Id.

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). In Hill v. United States, 368 U.S. 424 (1962), the Supreme Court of the United States read the statute as stating four grounds upon which relief can be claimed:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

Id. at 426-27 (quoting 28 U.S.C. § 2255(a)).

The statue provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

*Analysis*

Petitioner argues that his sentence should be vacated under 28 U.S.C. § 2255 on four grounds. The court reads petitioner's claims for relief as raising two issues for the court's consideration: (1) whether ineffective assistance of counsel and error occurred due to the court's failure to enter the arrest report into evidence and permit the jury to read the report during their

deliberations; and (2) whether trial counsel, the court and the U.S. Probation Office failed to consider applicable statutes or sentencing guidelines concerning a downward departure or sentencing petitioner to a term of imprisonment of 110 months to run concurrently with his state term of imprisonment.

**I.     Arrest report**

The burden is on the petitioner to establish an ineffective assistance of counsel claim and requires a petitioner to prove: (1) deficient representation, meaning that counsel's representation fell below an objective standard of reasonableness, and (2) prejudice, meaning there is a reasonable probability that, but-for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

The United States Court of Appeals for the Third Circuit instructs courts to address first the prejudice prong. See McAleese v. Mazurkiewicz, 1 F.3d 159, 170 (3d Cir. 1993) ("Indeed, this Court has read Strickland as requiring the courts to decide first whether the assumed deficient conduct of counsel prejudiced the defendant."). In McAleese the court of appeals recalled the Supreme Court's observation that "'[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" Id. at 171 (quoting Strickland, 466 U.S. at 697).

The thrust of petitioner's argument concerning the arrest report is that the court should have admitted the report into evidence, which would have permitted the jury to read the report during their deliberations. As a threshold issue, police reports are generally not admitted into evidence because they constitute inadmissible hearsay. United States v. De Peri, 778 F.2d 963, 976 (3d Cir. 1985) (police reports are ordinarily considered hearsay); Krepps v. Government of the Virgin Islands, No. 99-47, 2006 WL 1149216, at * 6 (D.V.I. Apr. 13, 2006); see United

States v. Sallins, 993 F.2d 344, 347 (3d Cir. 1993) (Federal Rule of Evidence 803(8)(B) would permit the defendant to introduce police reports as evidence *against* the government, provided they do not contain hearsay within hearsay); see generally 30B MICHAEL H. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 7049 (4th interim ed. 2006).

Assuming *arguendo* the report was admissible evidence, petitioner's argument does not explain how he was prejudiced by the court's decision to deny the jury's request to read the report. Indeed, the report does not contain any exculpatory information; rather, it explains the arresting officers identified petitioner carrying a black semiautomatic pistol in the waistband of his jean shorts; petitioner fled the scene and entered a dwelling; and the officers located petitioner inside the house with the same pistol placed inside the kitchen microwave. (Resp't's Br., Ex. 2 at 3-4.)

Furthermore, the jury heard testimony during the trial from the arresting officers on direct and cross-examination regarding the contents of the report and the events surrounding petitioner's arrest. (See, e.g., Hr'g Tr. at 16-28, 86.) The court advised the jury that certain portions of the trial transcript could be read to the jury, if they so requested, with respect to the contents of the arrest report. (Resp't's Br., Ex. 1 at 4.) The court cannot discern any information in the report that would have changed the outcome of petitioner's trial; instead, the report bolsters the jury's verdict in this case. Accordingly, no prejudice resulted from the decision to refuse the jury's request to read the arrest report, because, even assuming the jury was permitted to read the report, the outcome would not have been different. Strickland, 466 U.S. at 694.

## II. Sentencing

Petitioner does not dispute the court's calculation of his guidelines offense level of 26, the enhancement for a stolen gun, or the court's finding that his prior convictions qualified as

6

crimes of violence felony convictions. (See Tentative Findings (ECF No. 65).) Petitioner's argument is limited to his counsel's and the court's alleged failures to consider statutes or sentencing guidelines concerning a downward departure or a concurrent term of imprisonment under U.S.S.G. § 5G1.3(c).

Petitioner's counsel argued for a downward departure at sentencing, contending petitioner's criminal history category of V overstated the seriousness of his criminal history, pursuant to U.S.S.G. § 4A1.3(b). (See Def.'s Position (ECF No. 64) at 2-3.) The court denied the departure after considering petitioner's criminal history, detailed in the PIR by the probation officer, and the applicable sentencing guidelines and commentary. While petitioner's convictions affecting his criminal history computation were close to ten years prior to the instant offense, the convictions were for felony offenses and because he was incarcerated for portions of the intervening period, the court could not attribute his lack of criminal activity during those timeframes to a change in petitioner's conduct. (PIR at 9-10); see U.S.S.G. § 4A1.3(b) cmt. 3 ("A downward departure for the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.").

With respect to petitioner's argument that his federal term of imprisonment should have run concurrently with his undischarged term of imprisonment for a state parole violation, the court turns to the language of U.S.S.G. § 5G1.3(c), which provides as follows: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense *may* be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. §

7

5G1.3(c) (emphasis added). This provision does not mandate the imposition of a concurrent sentence.

The indictment specifies petitioner committed the instant offense on or about July 1, 2005. At that time, petitioner was paroled and subject to a detainer by the Pennsylvania Board of Probation and Parole at Allegheny County Criminal No. 199516908. (PIR at 1.) At the time of sentencing, petitioner had not yet been sentenced for his parole violation.

Petitioner failed to identify any other departures his counsel or the court should have considered at sentencing. Because the court properly denied petitioner's request for a downward departure under U.S.S.G. § 4A1.3(b), and the court was not required to sentence petitioner to a term of imprisonment to run concurrently with any *subsequent* sentence imposed for his parole revocation, the court is unable to discern any instance where petitioner was prejudiced during sentencing. Accordingly, petitioner's motion under § 2255 will be denied with respect to those issues.

## III. Denial of hearing

A district court need not hold an evidentiary hearing to determine the merits of a § 2255 motion to vacate, set aside or correct a sentence if the record conclusively establishes that the movant is not entitled to the relief sought in the motion. See United States v. Dawson, 857 F.2d 923, 927 (3d Cir. 1988). The motion, files and records of this case show conclusively that petitioner failed to demonstrate prejudice and he is not entitled to relief. Under those circumstances, there is no reason to conduct an evidentiary hearing to consider petitioner's claims.

## IV. Certificate of appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination as to whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination as to whether a certificate should issue. See 3rd Cir. LAR 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Based upon the motion, files and records of the instant case, and for the reasons set forth above, the court finds that petitioner has not shown a denial of a constitutional right. Therefore, a COA shall not issue.

## **ORDER**

AND NOW, this 26th day of April, 2011, upon consideration of petitioner Gary Denson's motion (ECF No. 87), the transcript of petitioner's trial, the PIR, and the submissions of the parties, IT IS HEREBY ORDERED that petitioner's motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 is DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall issue.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge